## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| Sierra Club, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. ___ |
| | ) | |
| Lisa Jackson, in her official capacity as | ) | |
| Administrator of the United States | ) | |
| Environmental Protection Agency, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Sierra Club, through its undersigned counsel, complains as follows:

### INTRODUCTION

1.     This is a civil action for declaratory and injunctive relief, with costs and fees, under the Clean Air Act ("the Act" or "CAA"), 42 U.S.C. §§ 7401, *et seq.*

2.     Sierra Club seeks an order requiring the Defendant Lisa Jackson, the Administrator of the U.S. Environmental Protection Agency ("Administrator"), to perform her non-discretionary duty to issue or deny a Clean Air Act Title V Operating Permit ("Permit") for the J.P. Pulliam Power Plant in Green Bay, Wisconsin.

3.     Sierra Club also seeks an order compelling the Administrator to take action pursuant to section 505(c) of the Clean Air Act, 42 U.S.C. § 7661d(c) and 40 C.F.R. §§ 70.7(g) and 70.8(d), which has been unreasonably delayed.

## PARTIES

4.      Sierra Club is an incorporated, not-for-profit organization with headquarters at 85 Second Street, San Francisco, California, and a Midwest Regional Office located at 122 W. Wisconsin Ave., Suite 830, Madison, WI 53703.  Its purpose is to preserve, protect, and enhance the natural environment.  The mission of the Sierra Club is to influence public, private, and corporate policies through programs at the local, state, national, and international levels.  Sierra Club has over one million members and supporters nationwide and more than 15,000 members and supporters in Wisconsin.

5.      Sierra Club's members live, work, and recreate around the J.P. Pulliam Power Plant in Green Bay, Wisconsin.  Sierra Club's members breathe, use and enjoy the ambient air in around Green Bay.  Their health and use of the air is impaired by the pollution in the air caused by the J.P. Pulliam Power Plant.  The facility includes a coal-fired boiler that emits numerous pollutants, including sulfur oxides, nitrogen oxides, particulates, carbon monoxide and hazardous air pollutants, which negatively impact Sierra Club's members.

6.      Sierra Club's members are directly harmed by the Administrator's failure to terminate, deny, modify, or revoke and reissue a Title V permit for the J.P. Pulliam Power Plant, and by the Administrator's unreasonable delay in doing so.  Grant of the relief requested by Sierra Club of the Administrator would result in reduced air pollution from the facility, thereby alleviating, in part, some of the injuries suffered by Sierra Club's members.

7.    Additionally, Sierra Club and its members would further participate in the public processes provided for by Congress in the Clean Air Act if the Administrator would timely issue a draft Title V permit for the J.P. Pulliam Power Plant.  Sierra Club and its members have the right to participate in the Administrator's Clean Air Act permitting decisions and to enforce the final permit terms once issued.  The Administrator's failure to issue or deny the permit negatively affects Sierra Club's procedural rights under the CAA.

8.    The Defendant, Lisa Jackson, is acting in her official capacity as the Administrator of the U.S. Environmental Protection Agency ("U.S. EPA"). The Administrator is responsible for directing the activities of the U.S. EPA and implementing the requirements of the CAA.  Specifically, the Administrator is statutorily required to issue or deny Title 5 permits if a state permitting authority fails to timely submit a revised Title 5 permit to which the Administrator has objected under CAA § 505(b)(1), 42 U.S.C. § 7661d(b)(1).

9.    Additionally, pursuant to regulations issued by the EPA, where the Wisconsin Department of Natural Resources has failed to revise a permit in response to the Administrator's objection, the Administrator is required to terminate, modify, or revoke and reissue the permit.  40 C.F.R. §§ 70.7(g)(5), 70.8(d).

## JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction over the claims set forth in this complaint pursuant to 42 U.S.C. § 7604(a), 28 U.S.C. § 1331, and 28 U.S.C. § 2201.  The

relief requested by the Plaintiff is authorized by statute in 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 7604.

11.     Venue is proper in the Western District of Wisconsin pursuant to 28 U.S.C. § 1391(e)(2) because a substantial part of the events or omissions giving rise to the claims in this case occurred in Madison, Wisconsin, where the Wisconsin Department of Natural Resources is located, from where the Plaintiff's petition to Defendant was sent and to where Defendant sent her objection; and pursuant to 28 U.S.C. § 1391(e)(3) because this action is against an officer of the United States acting in her official capacity, Plaintiff Sierra Club resides in Madison, Wisconsin, for purposes of the venue statute, in this District and no real property is involved in this action.

## NOTICE

12.     Sierra Club gave notice pursuant to, and in compliance with, the requirements in CAA § 304(b)(2), 42 U.S.C. § 7604(b)(2), and 40 C.F.R. Part 54 by letter sent via certified mail postmarked on or about October 22, 2010 ("Notice Letter") addressed to the Administrator and other people identified in 40 C.F.R. part 54.

13.     Copies of Plaintiff's Notice Letter were sent by certified U.S. mail, postmarked on or about October 22, 2010, to the Attorney General of the United States; the Regional Administrator for U.S. EPA Region 5; the Secretary of the Wisconsin Department of Natural Resources ("WDNR"); the Governor of Wisconsin; and the Wisconsin Public Service Corporation, the owner and operator of the J.P. Pulliam Power Plant.

14.     More than 180 days have passed since Plaintiff provided its Notice Letter to the Administrator and others.

## FACTS

15.     On April 30, 2009, WDNR issued a Title V Permit for the Wisconsin Public Service Commission's J.P. Pulliam Power Plant ("Pulliam Plant").

16.      On June 25, 2009, Sierra Club petitioned the Administrator, pursuant to CAA § 505(b)(2), 42 U.S.C. § 7661d(b)(2), to object to the issuance of the Permit.

17.     On June 28, 2010, the Administrator granted Sierra Club's petition and issued an objection to the Permit pursuant to 42 U.S.C. § 7661d(b)(2), thereby triggering the Administrator's obligation to modify, terminate, or revoke the permit under 42 U.S.C. § 7661d(b)(3) and 40 C.F.R. §§ 70.7(g) and 70.8(d) following the WDNR's failure to take action within 90 days.

18.      WDNR failed to submit to the Administrator a permit revised to meet the Administrator's objection within 90 after the date of the objection, thereby triggering the Administrator's nondiscretionary duty, pursuant to 42 U.S.C. § 7661d(b)(2) and 40 C.F.R. §§ 70.7(g)(4) and (5) and 70.8(d), to terminate, modify, or revoke and reissue the permit in accordance with the requirements of subchapter V of the CAA.

19.     WDNR has, as of the date of this complaint, failed to issue for public notice and comment a draft revised permit purporting to meet the Administrator's objections or to forward to U.S. EPA a proposed revised permit to address the Administrator's June 28, 2010 objection.

20.     The Administrator has, as of the date of this complaint, failed to modify, terminate, or revoke and reissue the Permit issued by WDNR as required by 42 U.S.C. § 7661d(b)(3) and 40 C.F.R. §§ 70.7 and 70.8.

## FIRST CAUSE OF ACTION:
## FAILURE TO PERFORM A NONDISCRETIONARY ACT OR DUTY

Failure to Issue or Deny a Title V Permit for the J.P. Pulliam Power Plant

21.     Plaintiff incorporates and realleges paragraphs 1-20 above in their entirety and further alleges as follows:

22.      Pursuant to CAA § 505(C), 42 U.S.C. § 7661d(C), "If the permitting authority fails, within 90 days after the date of an objection . . . to submit a permit revised to meet the objection, the Administrator shall issue or deny the permit in accordance with the requirements of" Title 5 of the CAA.

23.     The 90-day period for WDNR to submit a permit revised to meet the Administrator's objection expired on or about September 26, 2010.

24.     WDNR did not submit a permit revised to meet the Administrator's objection by September 26, 2010, and has yet to do so.

25.     Additionally, pursuant to 40 C.F.R. § 70.8(d), because WDNR issued the J.P. Pulliam permit prior to the Administrator's objection, the Administrator is required to modify, terminate, or revoke the permit pursuant to 40 C.F.R. § 70.7(g)(4) or (g)(5)(i) and (ii).  Since WDNR did not comply with the 90 day deadline in 40 C.F.R. § 70.7(g)(4), the only available option for the Administrator is to terminate, modify, or revoke and reissue the permit pursuant to 40 C.F.R. § 70.7(g)(5)(i) and (ii).

26.     The Administrator's duty to issue or deny the permit in accordance with Title V of the CAA is nondiscretionary.

27.     As of the date of this Complaint, the Administrator has not issued nor denied a Title V permit for the Pulliam facility, nor complied with 40 C.F.R. § 70.7(g)(5). Thus, the Administrator's failure to perform her non-discretionary duty to issue or deny the permit is ongoing and will continue until enjoined and restrained by the Court.

28.     The CAA provides Plaintiff with a cause of action to compel the Administrator's non-discretionary duty to issue or deny the permit in 42 U.S.C. § 7604(a)(2).

## SECOND CAUSE OF ACTION: UNREASONABLE DELAY

Failure to Modify, Terminate, or Revoke the Title V Permit issued by WDNR

29.     Plaintiff incorporates and realleges paragraphs 1-20 above in their entirety and further alleges as follows:

30.     Pursuant to 42 U.S.C. § 7661d(b)(3), if the Administrator objects to a permit that has already been issued by another permitting authority, "the Administrator shall modify, terminate, or revoke such permit[.]"

31.     Similarly, pursuant to 40 C.F.R. § 70.8(d), because WDNR issued the J.P. Pulliam permit prior to the Administrator's objection, the Administrator is required to modify, terminate, or revoke the permit pursuant to 40 C.F.R. § 70.7(g)(4) or (g)(5)(i) and (ii).  Since WDNR did not comply with the 90 day deadline in 40 C.F.R. § 70.7(g)(4),

the only available option for the Administrator is to terminate, modify, or revoke and reissue the permit pursuant to 40 C.F.R. § 70.7(g)(5)(i) and (ii).

32.     The  Administrator's duty to modify, terminate, or revoke a permit under 42 U.S.C. § 7661d(b)(3) is nondiscretionary.

33.     As of the date of this Complaint, the Administrator has not modified, terminated, or revoked the permit issued by WDNR for the Pulliam Plant.  Thus, the Administrator's failure to perform her non-discretionary duty to modify, terminate, or revoke the permit is ongoing and will continue until enjoined and restrained by the Court.

34.     The CAA provides Plaintiff with a cause of action to compel the Administrator's non-discretionary duty to modify, terminate, or revoke the permit in 42 U.S.C. § 7604(a)(2).

## COUNT 3-DECLARATORY RULING

38.     Plaintiff incorporates paragraphs 1 through 20 herein, as if set forth fully and further alleges as follows:

39.     Pursuant to 42 U.S.C. § 7661d(c) and 40 C.F.R. §§ 70.7 and 70.8, the Administrator became the permitting authority and is responsible for issuing or denying the final permit.

40.     Plaintiff respectfully requests an order from the Court declaring that the Administrator must issue or deny the permit for the J.P. Pulliam plant and that the DNR lost jurisdiction over the permit when it failed to provide a revised permit which

met Administrator's objections within 90 days of the Administrator's June 28, 2010, order objecting to the J.P. Pulliam plant permit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for this Court to:

A. Declare that the Administrator must terminate, modify or revoke and reissue the permit for the J.P. Pulliam plant and that the DNR lost jurisdiction over the permit process when it failed to provide a revised permit to meet the Administrator's objections according to 42 U.S.C. §7661d(c) and 40 C.F.R. §§ 70.7 and 70.8;

B. Declare:

    a. that the Administrator has a non-discretionary duty to issue or deny a final permit for the J.P. Pulliam plant and that the Administrator's failure to issue or deny a permit for the J.P. Pulliam plant facility is a violation of CAA § 505(c), 42 U.S.C. § 7661d(c), and 40 C.F.R. §§ 70.7 and 70.8; or,

    b. alternatively, that the Administrator has unreasonably delayed action to issue or deny the permit for the J.P. Pulliam plant after the DNR failed to act on the Administrator's June 28, 2010, order within 90 days;

C. Order the Administrator to issue or deny the Title V permit for the J.P. Pulliam plant without further delay;

D. Award Plaintiff the costs of this action, with reasonable attorney fees, pursuant to CAA § 304(d), 42 U.S.C. § 7604(d); and

E. Grant such other relief as is just and proper.

Dated: April 29, 2011.

Attorneys for Plaintiff:

McGILLIVRAY WESTERBERG & BENDER LLC


/s/ David C. Bender
James N. Saul
Wis. Bar No. 1067236
David C. Bender
Wis. Bar No. 1046102

McGillivray Westerberg & Bender LLC
305 S. Paterson St.
Madison, WI 53703
Tel. 608.310.3568
Fax 608.310.3561
saul@mwbattorneys.com
bender@mwbattorneys.com