UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SIERRA CLUB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:11-cv-315 |
| ) | |
| LISA JACKSON, Administrator of the United ) | |
| States Environmental Protection Agency, ) | |
| ) | |
| Defendant. ) | |
| ) | |

MOTION FOR CLARIFICATION OF ORDER AND
MOTION TO DELAY ENTRY OF JUDGMENT FOR 90 DAYS

**EXHIBIT A**

**Settlement Agreement**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SIERRA CLUB,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | Case No. 3:11-cv-315 |
| ) | |
| LISA JACKSON, Administrator of the United  ) | |
| States Environmental Protection Agency,  ) | |
| ) | |
| Defendant.  ) | |
| ) | |

## SETTLEMENT AGREEMENT

WHEREAS, the Complaint in *Sierra Club v. Jackson*, Case No. 3:11-cv-315 (W.D. Wisc.), filed by Plaintiff Sierra Club, alleges that the Defendant Lisa P. Jackson, in her individual capacity as Administrator of the U.S. Environmental Protection Agency (hereafter "EPA"), has a non-discretionary duty pursuant to the Clean Air Act (" CAA") section 505(c), 42 U.S.C. § 7661d(c), to issue or deny a Title V Operating Permit for Wisconsin Public Service Corporation's J.P. Pulliam Generating Station ("Pulliam") in Green Bay, Wisconsin "in accordance with the requirements of this subchapter" if the permitting authority, in this case the Wisconsin Department of Natural Resources ("WDNR"), has not responded to an EPA objection to the permit within 90 days of the objection;

WHEREAS, Plaintiff alleges, in the alterative, that under 42 U.S.C. § 7604(a), EPA has unreasonably delayed taking action to issue or deny a Title V permit for the Pulliam facility;

WHEREAS, Plaintiff contends it is entitled to a declaration that EPA failed to perform the alleged duty, and seeks an order requiring EPA to issue or deny an operating permit for the Facility, under Clean Air Act section 505(c), 42 U.S.C. § 7661d(c);

WHEREAS, on September 23, 2011, WDNR responded to EPA's prior objection by issuing Draft Permit 405031990-P21 ("Draft Permit") for public comment;

WHEREAS, on October 21, 2011, Plaintiff submitted comments to WDNR on the Draft Permit;

WHEREAS, on February 16, 2012, WDNR provided EPA a copy of the "Proposed Permit 405031990-P21;"

WHEREAS, if EPA does not object to the issuance of the Proposed Permit by April 1, 2012, the CAA provides the Plaintiff an opportunity to petition the EPA to object to the Proposed Permit by submitting such petition on or before May 31, 2012;

WHEREAS, Plaintiff and EPA (collectively the "Parties") wish to implement this Settlement Agreement ("Agreement") to avoid protracted and costly litigation and to preserve judicial resources; and,

WHEREAS, EPA does not admit any allegation or issue of fact or law alleged in Plaintiff's Complaint with the exception of any admissions contained in EPA's Answer.

NOW THEREFORE, the Parties, intending to be bound by this Agreement, hereby stipulate and agree as follows:

1.      Within 5 days after the Agreement is finalized pursuant to Paragraph 6 of this Agreement, the Parties shall file a joint motion with the Court notifying it of this Agreement and requesting that this case be stayed pending completion of, and subject to, the terms of this Agreement.

2.      In the event that EPA objects to the Proposed Permit within forty-five (45) days of its receipt pursuant to 42 U.S.C. § 7661d(b)(1):

        a.      Sierra Club may seek to lift the stay of proceedings.

b. Sierra Club shall notify EPA and DOJ in writing within ten (10) days after EPA's objection whether it will seek to lift the stay of proceedings.

c. Within ten (10) days after the receipt of such a notice, the Sierra Club shall file a joint motion to lift the stay and establish a briefing schedule to resolve any remaining issues in this case.

d. In the event Sierra Club files a motion to lift the stay of the proceeding pursuant to this paragraph, EPA shall certify and file the administrative record with the Court within thirty (30) days of the filing of the motion to lift the stay of the proceeding.

e. If Sierra Club does not move to lift the stay within ten (10) days after EPA's objection, Plaintiff shall file a motion for voluntary dismissal of the complaint, with prejudice, within thirty (30) days of EPA's objection.

3. In the event that EPA does not, pursuant to 42 U.S.C. § 7661d(b)(1), object in writing to the issuance the Proposed Permit 405031990-P21 by April 1, 2012, and Plaintiff submits a timely administrative petition pursuant to 42 U.S.C. § 7661d(b)(2) requesting that EPA object to the Proposed Permit:

a. EPA shall issue a response to Plaintiff's administrative petition within eighty (80) days after the date EPA receives such an administrative petition from the Plaintiff.

b. If EPA does not act within 80 days, Sierra Club may seek to lift the stay of proceedings.

c. If EPA does act within 80 days, Plaintiff shall file a motion for voluntary dismissal of the complaint, with prejudice, within thirty (30) days of

EPA's issuance of a response to Plaintiff's administrative petition.
However, Sierra Club may request that the Court will retain jurisdiction to
resolve any request for the costs of litigation (including attorneys' fees)
pursuant to Paragraph 11, and EPA will not oppose such request.

4.      If Plaintiff does not submit a timely administrative petition pursuant to 42 U.S.C.
§ 7661d(b)(2), no further action by EPA is required under this Agreement, and Sierra Club shall
move to dismiss this action within thirty (30) days of the expiration of the sixty (60) day deadline
for filing an administrative petition pursuant to 42 U.S.C. § 7661d(b)(2).

5.      If EPA does not issue a response to the petition within 80 days in accordance with
Paragraph 3 a., Plaintiff's sole remedy under this Agreement shall be the right to ask the Court to
lift the stay of the proceeding and establish a schedule for further proceedings.  EPA expressly
reserves and does not waive or limit any defense relating to such litigation.  Under no
circumstances shall any provision of this Agreement be the basis for any action for specific
performance, mandamus, or any other remedy seeking to compel EPA to take any of the actions
referenced in this Agreement.  The parties further agree that contempt of court is not an available
remedy under or to enforce this Agreement.

6.      The Parties agree and acknowledge that before this Agreement is final, EPA must
provide notice in the Federal Register and an opportunity for comment pursuant to CAA section
113(g), 42 U.S.C. § 7413(g).  EPA will promptly submit a public notice of this Agreement to the
Federal Register for publication and public comment after the Agreement is executed by the
Parties (i.e. signed).  After this Agreement has undergone an opportunity for notice and
comment, the Administrator and the Attorney General, as appropriate, will promptly consider
any such written comments in determining whether to withdraw or withhold consent to this

Agreement, in accordance with section 113(g) of the CAA, and EPA will provide written notice of such determination to Plaintiff as expeditiously as possible. If the Administrator or the Attorney General elects not to withdraw or withhold consent to this Agreement, the Agreement will become effective on the date that EPA provides such written notice to the Plaintiff. If the Administrator or the Attorney General elects to withdraw or withhold consent to this Agreement, the Plaintiff may file a motion to govern further proceedings and EPA will certify and file the administrative record with the Court within thirty (30) days after its written notice to Plaintiff.

7.      This Agreement may be modified by written stipulation signed by the Parties.

8.      Nothing in this Agreement shall be construed to limit or modify any discretion accorded EPA by the CAA or by general principles of administrative law. EPA's obligation to perform any action specified herein does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

9.      Except as set forth in this Agreement, the Parties retain all rights, claims, defenses, and discretion they may otherwise have. Nothing in this Agreement shall be construed as an admission of any issue of fact or law nor to waive or limit any claim or defense, on any grounds, related to any final action EPA may take with respect to any future administrative petition.

10.      The Parties recognize and acknowledge that the obligations imposed upon EPA under this Agreement can only be undertaken using appropriated funds legally available for such purpose. No provision of this Agreement shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

11.      EPA agrees that, if this Agreement becomes effective and Plaintiff dismisses its action pursuant to this Agreement, Plaintiff is both eligible and entitled to recover its costs of

litigation in this action, including reasonable attorneys' fees, incurred prior to the effective date of this Settlement Agreement, pursuant to section 304(d) of the CAA, 42 U.S.C. § 7604(d). This Agreement does not resolve Plaintiff's claim for costs of litigation (including attorneys' fees) pursuant to 42 U.S.C. § 7604(d). Notwithstanding Fed. R. Civ. P. 54, the Parties shall seek to resolve informally Plaintiff's claim for costs of litigation (including attorneys' fees), and if they cannot, will submit that issue to the Court for resolution. The Court will retain jurisdiction to resolve any such claim for the costs of litigation (including attorneys' fees).

12.     Any notices required or provided for by this Agreement shall be made in writing, via email or other means, and sent to the following:

For Plaintiff:

DAVID BENDER
McGillivray Westerberg & Bender, LLC
211 S. Paterson Street, Ste 320
Madison, WI 53703
Tel: (608) 310 3560
Fax: (608) 310-3561
bender@mwbattorneys.com

For Defendant:

MATTHEW OAKES
Environmental Defense Section
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 514-9277
Fax: (202) 514-8865
Matthew.Oakes@usdoj.gov

AMY HUANG BRANNING
U.S. Environmental Protection Agency
Office of General Counsel
1200 Pennsylvania Ave., N.W.
Washington, DC 20460
Tel: (202) 564-1744
Branning.Amy@epamail.epa.gov

13.     This Agreement is the entire agreement between Plaintiff and EPA in this case.
All prior oral or written conversations, meetings, discussions, drafts, and other writings of any
kind are specifically superseded by this Agreement.

14.     It is hereby expressly understood and agreed that this Agreement was jointly
drafted by Plaintiff and EPA.  Accordingly, the Parties hereby agree that all rules of construction
to the effect that ambiguity is construed against the drafting party shall be inapplicable in any
dispute concerning the terms, meaning, or interpretation of this Agreement.

15.     The undersigned representatives of each Party certify that they are fully
authorized by the Party they represent to bind that Party to the terms of this Agreement.

SO AGREED:

FOR UNITED STATES

Of Counsel:

MATTHEW R. OAKES

AMY BRANNING                                   United States Department of Justice
U.S. Environmental Protection Agency           Environmental Defense Section
Office of General Counsel                       P.O. Box 7661
1200 Pennsylvania Ave., N.W.                   Washington, D.C. 20044
Washington, DC 20460                           Phone: (202) 514-2686
Tel:  (202) 564-1744                           Fax: (202) 514-8865
                                               Matthew.Oakes@usdoj.gov

DATED:   5/11/12

7

FOR SIERRA CLUB

DAVID BENDER
McGillivray Westerberg & Bender, LLC
211 S. Paterson Street, Ste 320
Madison, WI 53703
Tel:  (608) 310 3560
Fax: (608) 310-3561
bender@mwbattorneys.com


DATED: